**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 220110-U

Order filed August 21, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-22-0110 Circuit No. 13-CF-358 |
| HARRY W. CARR, | ) ) ) | Honorable Sarah F. Jones, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE McDADE delivered the judgment of the court.
Presiding Justice Holdridge and Justice Hettel concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*: Defendant's confession was not independently corroborated as required by the *corpus delicti* rule to sustain defendant's convictions.

¶ 2     Defendant, Harry W. Carr, was convicted of two counts of predatory criminal sexual assault of a child and three counts of aggravated criminal sexual abuse. On appeal, defendant argues four of his convictions should be reversed because the State's evidence was insufficient to satisfy the *corpus delicti* rule and prove the elements of the offenses beyond a reasonable doubt. We reverse in part, affirm in part, and remand for further proceedings consistent with this order.

¶ 3                                    I. BACKGROUND

¶ 4          In February 2013, defendant was charged by indictment with two counts of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2012)) and three counts of aggravated criminal sexual abuse (*id.* § 11-1.60(d)). These charges were based on allegations that between August 1, 2012, and September 11, 2012, defendant was over 17 years old and had engaged in sexual activity with A.S., a minor child under the age of 13. Specifically, the State alleged defendant put his finger inside A.S.'s vagina (count I), placed his penis on A.S.'s vagina (count II), placed his penis on A.S.'s hand (count III), touched A.S.'s breasts (count IV), and touched A.S.'s vaginal area (count V).

¶ 5          At a bench trial, A.S.'s mother, Theresa, testified defendant was homeless in the summer of 2012. Theresa allowed defendant to move into the townhouse she lived in with A.S. and her other two children. Defendant slept in an upstairs bedroom, while Theresa and her children slept downstairs. Theresa explained she did not allow the children to go upstairs while defendant was living in her home because she felt it was inappropriate for them to be alone with an adult. When Theresa discovered that early one morning A.S. had been upstairs with defendant, she immediately told defendant to move out and he complied. Theresa testified she was not aware of any sexual contact between A.S. and defendant until after defendant had moved out, when A.S. was hospitalized for taking prescription pills on September 11, 2012. While A.S. was in the hospital, Theresa found notes that A.S. had written about having sexual intercourse with defendant.

¶ 6          A.S. testified that while defendant was living with her family, she snuck upstairs to his bedroom one night and had vaginal intercourse with defendant using a condom. A.S. did not remember any other sexual conduct taking place that night. A.S. stated her mother told defendant to move out early the next morning after discovering A.S. had been upstairs alone with defendant.

A.S. testified that after this incident, she was hospitalized for taking prescription pills. At the hospital, A.S. told a social worker she had sexual intercourse with defendant. The police began an investigation and a victim sensitive interview with A.S. was conducted. The interview was introduced as an exhibit and played in court during A.S.'s testimony. In the interview, A.S. initially denied that she had a sexual relationship with defendant and claimed the notes she had written about having sexual intercourse with defendant were based on a dream. A.S. testified that she lied during the interview to protect defendant because she cared about him and she believed he was her boyfriend.

¶ 7        A.S. also testified that after she was released from the hospital in September 2012, her relationship with defendant continued until his arrest in February 2013. During this time, the two communicated through Facebook and engaged in sexual conduct at defendant's house and in his car. A.S. stated the sexual conduct included vaginal intercourse, A.S. touching defendant's penis, A.S. performing oral sex on defendant, and defendant placing his finger in A.S.'s vagina. When asked if she recalled where or when defendant placed his finger in her vagina, A.S. replied, "Yeah. Not the very first time, but for sure in the house that he was living in after he got kicked out." When asked if she remembered the circumstances surrounding defendant placing his finger in her vagina, A.S. responded, "Foreplay, I am guessing. You know, it's before you have sex."

¶ 8        On cross-examination, A.S. confirmed that the night she went upstairs to defendant's bedroom was the only time sexual conduct between her and defendant occurred in her home. A.S. testified the other sexual conduct occurred after she was released from the hospital. A.S. recalled she had placed her hand on defendant's penis in his car and defendant put his finger in her vagina at the house he lived in after he was kicked out of her home. On redirect, A.S. reiterated that the night she went upstairs to defendant's bedroom in her home she did not specifically recall anything

3

other than engaging in vaginal intercourse with defendant. The State asked A.S. if other things had happened, such as "foreplay or anything like that." A.S. responded that there was foreplay, but she only specifically remembered defendant picking her up and putting her on the bed. When the State asked again if there was foreplay prior to defendant inserting his penis into her vagina, A.S. replied, "Yeah. Like kissing and all that."

¶ 9        Detective Kenneth Simpson of the Bolingbrook Police Department testified that he had interviewed defendant. During the interview, defendant told Simpson that he was 19 years old and indicated he knew A.S. was 11 years old. Defendant stated that, while living with Theresa and her children, A.S. came to his bedroom on the second floor one night to have sexual intercourse with him. Defendant said A.S. placed a condom on his penis and the two attempted to have vaginal intercourse, but because they were both virgins, he was not able to achieve penetration. Instead, defendant and A.S. engaged in other sexual conduct by touching each other on the breasts, chest, buttocks, penis, and vagina, which included defendant putting his finger inside A.S.'s vagina. Simpson also testified that defendant had completed a written statement, which was admitted into evidence. Defendant's written statement was consistent with the statements he made to Simpson during the interview. On cross-examination, Simpson confirmed no physical evidence had been collected or submitted for laboratory testing.

¶ 10       At the close of the State's case, defendant's motion for directed finding was denied. Defense counsel did not put on a case and closing arguments were presented. During closing arguments, the State maintained it had proved all charges beyond a reasonable doubt, relying primarily on defendant's written statement and testimony from Simpson about admissions defendant made during the interview. The State noted in its argument as to counts I and III that,

4

although A.S. had no specific recollection regarding the evening she first had sexual intercourse with defendant, she did testify that there was foreplay.

¶ 11    Defendant was found guilty on all counts and sentenced to 14 years' imprisonment for each predatory criminal sexual assault of a child conviction (counts I and II) and 3 years' imprisonment for each aggravated criminal sexual abuse conviction (counts III, IV, and V). The sentences for counts I and II were consecutive to each other, while the sentences for counts III, IV, and V were concurrent with each other but consecutive to counts I and II. Defendant's motion for a new trial and motion to reconsider were both denied. Defendant appealed.

¶ 12                              II. ANALYSIS

¶ 13    Defendant was charged with five offenses alleged to have occurred between August 1, 2012, and September 11, 2012. On appeal, he argues that his convictions for predatory criminal sexual assault of a child (count I) and aggravated criminal sexual abuse (counts III, IV, and V) were obtained in violation of the *corpus delicti* rule and the State's evidence did not establish his guilt of those offenses beyond a reasonable doubt. Specifically, defendant argues his statements regarding the sexual conduct alleged in counts I, III, IV, and V were not adequately corroborated because the evidence presented shows those acts occurred after the time frame charged in the indictment.

¶ 14    When a defendant challenges the sufficiency of the evidence, the reviewing court must view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *People v. Conway*, 2023 IL 127670, ¶ 16. "A criminal conviction will not be overturned unless the evidence is so unreasonable, improbable, or unsatisfactory as to justify a reasonable doubt of the defendant's guilt." *Id.*

¶ 15    The commission of a crime is the *corpus delicti* of the offense. *People v. McKown*, 2022 IL 127683, ¶ 21. To obtain a valid conviction, the State must prove beyond a reasonable doubt that a crime occurred and that the person charged committed the crime. *Id.* ¶ 45. Generally, a defendant's extrajudicial confession, admission, or statement alone is insufficient to prove the *corpus delicti* unless the State provides independent corroborating evidence. *Id.* "To avoid running afoul of the *corpus delicti* rule, the independent evidence need only tend to show the commission of a crime. It need not be so strong that it alone proves the commission of the charged offense beyond a reasonable doubt." (Emphasis omitted.) *People v. Lara*, 2012 IL 112370, ¶ 18. It is not a requirement that the details of a defendant's confession perfectly align with the independent evidence. *McKown*, 2022 IL 127683, ¶ 46. Instead, the *corpus delicti* rule is satisfied if the evidence, or any reasonable inferences drawn from it, simply correspond with the confession. *Lara*, 2012 IL 112370, ¶ 45. "Corroboration of only some of the circumstances related in a defendant's confession is sufficient." *Id.* "[I]ndependent corroborating evidence must relate to the specific events on which the prosecution is predicated. Correspondingly, where a defendant confesses to multiple offenses, the corroboration rule requires that there be independent evidence tending to show that defendant committed each of the offenses for which he was convicted." *People v. Sargent*, 239 Ill. 2d 166, 185 (2010).

¶ 16    We find the decision in *People* v. *McKown*, 2021 IL App (4th) 190660, instructive. In *McKown*, defendant faced multiple charges for offenses based on separate and distinct sexual acts. *Id.* ¶ 42. The Fourth District reversed defendant's conviction on the count related to the victim's hand on defendant's penis, finding that although the victim's testimony corroborated the other charged sex offenses, the victim's denial that he never touched defendant's penis did not corroborate defendant's confession. *Id.* ¶¶ 43, 46. Our supreme court affirmed this decision.

6

*McKown*, 2022 IL 127683, ¶ 52. It is also noteworthy that while our supreme court affirmed the decision in *McKown* to reverse defendant's conviction for aggravated criminal sexual abuse (placing the victim's hand on his penis), it affirmed the appellate court's decision to uphold the remaining convictions. See *id.* ¶¶ 22, 51 (affirming the appellate court's decision to reverse defendant's conviction on count IV and to affirm the convictions on counts I and V). In affirming defendant's convictions, our supreme court held that " '[w]hat is necessary are facts or circumstances independent of the confession, and consistent therewith, tending to confirm and strengthen the confession.' " *Id.* ¶ 48 (quoting *People v. Furby*, 138 Ill. 2d 434, 452 (1990)). The court reiterated that " '[t]here is no requirement that the independent evidence and the details of the confession correspond in every particular.' " *Id.* (quoting *Furby*, 138 Ill. 2d at 451).

¶ 17    Here, like in *McKown*, each charge for which defendant was convicted was based on a separate and distinct sexual act that allegedly occurred while defendant was living in A.S.'s home. Although defendant's admissions to Simpson and his written statement support these charges, A.S.'s testimony does not sufficiently corroborate the specific events upon which the challenged counts are predicated. A.S. testified defendant only had vaginal intercourse with her once while he was living at her house and stated both on direct and cross-examination that she could not recall any other sexual conduct during that encounter. Only after being asked about foreplay on redirect did A.S. agree that there was foreplay. When pressed for specific details, A.S. stated that defendant picked her up, put her on the bed, and there was "kissing and all that." Unlike the victim's testimony related to the affirmed convictions in *McKown*, A.S.'s testimony did not tend to confirm or strengthen defendant's confession with respect to the offenses charged in counts I, III, IV, and V.

7

¶ 18        Despite the State's argument that A.S.'s vague reference to foreplay corroborates the charges, A.S. provided no details to support that defendant put his finger inside her vagina (count I), placed his penis on her hand (count III), touched her breasts (count IV), and touched her vaginal area (count V). Indeed, A.S. testified these acts occurred, but stated each of them happened in either defendant's car or his new house after he had been kicked out of her home. Further, A.S.'s repeated testimony that no other sexual conduct took place in her home is analogous to *McKown*, where the victim's testimony that a specific sex act had not occurred did not corroborate defendant's confession. No other independent corroborating evidence was adduced at trial related to the specific events upon which counts I, III, IV, and V are based. Absent such evidence, defendant's convictions violated the *corpus delicti* rule and must be reversed. Defendant does not challenge his conviction for predatory criminal sexual assault of a child under count II, and that conviction is affirmed. We remand for further proceedings consistent with this order.

¶ 19                                III. CONCLUSION

¶ 20        The judgment of the circuit court of Will County is reversed in part, affirmed in part, and remanded for further proceedings consistent with this order.

¶ 21        Reversed in part, affirmed in part, and remanded.